IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JAN 15 2025

FILED

| | | |
|---|---|---|
| ROY LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-049 |
| | ) | |
| SGT. LATREVIUS HALL; DR. SYDNEY PILINKO; ATRIUM HEALTH NAVICENT HOSPITAL; WARDEN VERONICA STEWART; WARDEN TONJI KEITH; WARDEN RICKY WILCOX; WARDEN JERMAINE WHITE; KAREN THOMAS; DR. DAVID CHANEY; DR. BREADEN; DITSLEAR; CRYSTAL MAYNOR; NURSE GRACE; CPT. KELLOM; SGT. RIVERA; ROBERT TOOL; and COUNSELOR JOHNSON, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 23.) The Magistrate Judge recommended dismissing this case as a sanction for abusing the judicial process because Plaintiff failed to truthfully disclose his prior filing history on the complaint form. (See doc. no. 21, pp. 7-9.) The Magistrate Judge also recommending denying several of Plaintiff's motions, including his motion for entry of default judgment and motion for contempt of court. (Id. at 2-3, 9-11.) For the reasons described below, Plaintiff's objections are unavailing.

Plaintiff first argues the Magistrate Judge incorrectly recommended dismissal of his case for failing to truthfully disclose his prior filing history because the complaint form only asked Plaintiff whether he had previously filed any cases relating to "the same issue claimed in [Plaintiff's] complaint." (Doc. no. 23, p. 1.) Plaintiff's account of the information requested by the complaint form is incomplete. Although Plaintiff correctly notes the form asks about previously filed lawsuits "dealing with the same facts involved in this action," it also requires a plaintiff to disclose whether he or she has "filed other lawsuits . . . *otherwise* relating to conditions to the conditions of [the plaintiff's] imprisonment." (Doc. no. 13, pp. 9-10 (emphasis added).) Because Plaintiff responded "no" to this question and did not disclose *any* prior lawsuits in his first amended complaint, (see id. at 9-10), despite having previously filed several other cases, (see doc. no. 21, p. 7), the Magistrate Judge correctly concluded dismissal is warranted because Plaintiff did not truthfully disclose his prior filing history.[1]

Plaintiff also objects because he believes the Magistrate Judge concluded Plaintiff failed to state a claim upon which relief may be granted. (Doc. no. 23, pp. 1-2.) However, because the Magistrate Judge dismissed Plaintiff's case as a sanction for providing a dishonest filing history, he did not reach this conclusion in his Report and Recommendation. (See doc. no. 21.) Indeed, the Magistrate Judge noted that Plaintiff may still timely re-file his claims despite dismissal of the instant case. (Doc. no. 21, p. 9 n.2.) Therefore, this objection is unfounded.

---

[1] The Court notes Plaintiff disclosed he had previously filed a case in the Fulton County Superior Court and a case in the Northern District of Georgia, Civ. No. 1:15-CV-02127, in his original complaint. (Doc. no. 1, pp. 2-3.) However, for the reasons described by the Magistrate Judge, this complaint is no longer the operative pleading in this matter. (Doc. no. 21, pp. 2-3.) Moreover, even if his original complaint remained operative, Plaintiff nonetheless did not disclose his complete filing history on the original complaint. (Compare doc. no. 1, pp. 2-3 with doc. no. 21, p. 7.)

Furthermore, Plaintiff argues default judgment and contempt of court are warranted because the Court "has broken [its] own procedures and rules" by failing to serve Defendants with his first amended complaint.  (Doc. no. 23, p. 2.)  Plaintiff's argument relies on an incorrect understanding of the Prison Litigation Reform Act ("PLRA").  Pursuant to the screening provisions of the PLRA, the Court must first review Plaintiff's complaint to determine whether it identifies any cognizable claims or whether any portion of it should be dismissed *before* directing service of process on any defendants.  See 28 U.S.C. § 1915A.  Only after the Court screens Plaintiff's complaint and determines it alleges a cognizable claim may the Court serve a defendant.  See id.; see also Ross v. Awe, CV 419-201, 2020 WL 1465900, at *5 (S.D. Ga. Mar. 10, 2020) ("Under the [PLRA], defendants are not served with plaintiff's [c]omplaint until the Court has completed its screening.").  Notably, Plaintiff was previously informed of the PLRA's screening provisions by the Magistrate Judge in a prior Order, which stated the Court would "review Plaintiff's complaint to determine . . . *which, if any*, Defendants should be served with a copy of the complaint." (Doc. no. 4, pp. 3, 4 (emphasis added); see also doc. no. 21, pp. 5-7 (describing the legal standard for screening).)

Here, the Magistrate Judge screened Plaintiff's first amended complaint and concluded it should be dismissed in its entirety because Plaintiff did not truthfully disclose his prior filing history.  (See doc. no. 21, pp. 7-9.)  Thus, the Magistrate Judge did not order service on Defendants, thereby rendering entry of default judgment improper.  Furthermore, Defendants should not be served because the Court concurs with the Magistrate Judge's recommendation for dismissal.

Finally, Plaintiff filed a motion for leave to file an amended complaint to "add[] parties and includ[e] more different facts and legal claims." (Doc. no. 26.)  However, the Court

3

**DENIES** this motion because the case is due to be dismissed based on Plaintiff's dishonesty about his prior filing history. (Doc. no. 26.) Allowing Plaintiff to amend his complaint again would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, No. CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008) (citation omitted)); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). If Plaintiff wishes to file a new complaint disclosing all his cases, he may file a new lawsuit, which requires a new filing fee.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this action without prejudice, and **CLOSES** this civil action. The Court further **DENIES** as **MOOT** Plaintiff's motion to amend, (doc. no. 12), **DENIES** Plaintiff's motion for contempt of court, (doc. no. 19), and **DENIES** Plaintiff's motion for entry of default judgment, (doc. no. 20). The Court also **DENIES** Plaintiff's additional motion to amend. (Doc. no. 26.) Finally, because this case is dismissed, the Court **DENIES** as **MOOT** Plaintiff's motion for discovery, (doc. no. 24), and "Motion for a Retaliatory Transfer and a Request for a Full Body Exam by Outside Doctor," (doc. no. 25).

SO ORDERED this 15th day of January, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4